MARCUS, Justice.
Ervin Dawson and Johnnie B. Dawson were jointly charged with resisting an officer (R.S. 14:108) and simple battery (R. S. 14:35). The matter was tried by a judge on October 31, 1974. Defendants were found guilty as charged. In a motion for a new trial, they alleged that they were convicted without any prior notice being given them of the date of trial and without the presence of their counsel. This motion was denied. Sentence was imposed, but suspended pending application to this court for writs. Upon application, we granted a writ of review under our supervisory jurisdiction.[1]
According to the record, defendants were charged with resisting arrest and simple battery of State Trooper Otis Alford on May 30, 1974. Surety bonds indicate a return date of June 27, 1974. Testimony of the person in charge of the criminal records of the sheriff’s office was that it would be “unusual” for arraignment to occur prior to that date. It was stipulated that defendants did not know they had to be in court prior to June 27. Nevertheless, on June 13, an instanter- attachment issued providing for defendants to be released on posting a $300.00 cash bond. The arraignment was continued to June 20. The minute entry of June 20 indicates that the attachment was ordered to remain outstanding until July 16. On June 27, 1974, Mr. Charles Palmer appeared and entered pleas of not guilty on behalf of both defendants. The bonds were not forfeited because of his appearance. The matter was set for trial on September 12; defendants were granted 30 days to file pleas. A motion for continuance was filed on September 9, 1974, apparently premised on a letter dated *110 September 7, 1974 of Dr. Rosen, in which it is stated that both defendants were extremely nervous and they would not be sufficiently coherent to stand trial for a couple of weeks. On September 12, the trial was continued to October 10, 1974. Counsel, Charles Palmer, filed a motion for a bill of particulars on September 24, 1974. It was stipulated that defendants did not know that the case was set for trial on October 10. Nevertheless, an attachment issued on October 10, made returnable on October 31, 1974. The bond (recognizance) was forfeited on that date and a property bond substituted.
When the case was called for trial on October 31, 1974, neither defendants nor their counsel, Charles Palmer, was present in court. Robert Palmer, a brother of Charles Palmer, apparently not then associated in practice with the latter, was present, and, upon request, the court appointed Robert Palmer to represent defendants. After a trial, defendants were found guilty. A motion for new trial was denied after a hearing.
Defendants urge that the trial court erred in denying their motion for a new trial when, admittedly, there was a lack of notice given them of trial and their attorney was not then present. Furthermore, they contend, this resulted in denying them the opportunity to obtain witnesses in their favor.
An accused in every instance shall have the right to assistance of counsel and to have compulsory process for obtaining witnesses in his favor. La.Const., art. 1, § 9 (1921);[2] La.Code Crim.P. art. 511 (1966). A defendant shall be given notice of trial sufficiently in advance thereof so that he may summon his witnesses. La. Code Crim.P. art. 702 (1966).
At the hearing on the motion for a new trial, the retained counsel of defendants, Charles Palmer, testified that he did not notify these defendants of the trial date nor did he appear. His reason for this action is that he considered the assignment invalid in view of the fact that the motion for a bill of particulars filed on September 24, 1974 had not been answered.[3] He further stated that he was engaged in another trial in Baton Rouge on the date of trial (October 31). Be that as it may, it is not disputed that notice was not given these defendants that they were to stand trial on October 31, 1974. It is also undisputed that on that date, at the instance of the court, defendants were located driving on a highway and told by the officer who stopped them that they were to proceed immediately to the courthouse for trial of the charges against them. This they did.
When defendants arrived, the court appointed Robert Palmer, who was then present in court, to defend them. Robert Palmer testified that, since the court was *111 going to appoint someone else to represent them, he requested the appointment. However, he further stated that he was unprepared to defend them on that date and that he proceeded “under duress.” Trial commenced, and defendants were found guilty as charged.
Under these circumstances, we consider the denial of the motion for a new trial was error. The lack of notice of trial and absence of retained counsel on the date of trial denied defendants due process of law guaranteed under both state and federal constitutions.
For the reasons assigned, the convictions and sentences are reversed and the cause remanded for a new trial.

. 307 So.2d 367 (La.1974).

. See La.Const. art. 1, §§ 13 and 17 (1974).

. Article 484, La.Code Crim.P. states:
A motion for a bill of particulars may be filed of right before trial or within ten days after arraignment, whichever is earlier. After expiration of the ten-day period the court may permit the filing of such a motion until the commencement of trial. When a motion is filed, or on its own motion, the court may require the district attorney to furnish a bill of particulars setting up more specifically the nature and cause of the charge against the defendant.
Supplemental bills of particulars or a new bill may be ordered by the court at any time before the trial begins.
When a bill of particulars is furnished, it shall be filed of record and a copy of the bill given to the defendant.
On the day of arraignment (June 27, 1974), defense counsel was granted 30 days to file pleadings. However, defendants’ motion for particulars was not filed until September 24, 1974. Still, it should be noted that there had been two continuances of trial dates (September 12 and October 10) and the district attorney had not furnished the particulars nor had the trial judge ruled on the request at the time of trial.